<u>EXECUTION VERSION</u>

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARUL AMAANAH ACADEMY, TAHSIYN ISMAA'EEL, IMAN ISMAA'EEL, individually and for the benefit of her minor children W.B. and M.B., MIA MILLER, individually and for the benefit of her minor children Y.A.M.-W. and Y.K.M.-W., DAEWANNA WORD, individually and for the benefit of her minor child S.W.T., BAHJEH RIZEQ, individually and for the benefit of her minor child M.A. and TIANA RUSSELL, individually and for the benefit of her minor child S.J.,<br><br>                      Plaintiffs,<br><br>    v.<br><br>CITY OF WILMINGTON, WILMINGTON DEPARTMENT OF PARKS AND RECREATION, MAYOR MICHAEL S. PURZYCKI, in his official and personal capacities and KEVIN F. KELLEY, SR., in his official and personal capacities,<br><br>                      Defendants. | C.A. No. 1:18-cv-01292-RGA |

**STIPULATION AND [PROPOSED] ORDER OF
COMPROMISE, SETTLEMENT AND RELEASE**

Plaintiffs Darul Amaanah Academy ("Darul Amaanah"); Tahsiyn Ismaa'eel; Iman Ismaa'eel on behalf of herself and for the benefit of her minor children W.B. and M.B.; Mia Miller on behalf of herself and for the benefit of her minor children Y.A.M.-W. and Y.K.M.-W.; Daewanna Word on behalf of herself and for the benefit of her minor child S.W.T.; Bahjeh Rizeq on behalf of herself and for the benefit of her minor child M.A. and Tiana Russell on behalf of herself and for the benefit of her minor child S.J. (collectively, "Plaintiffs") and defendants the City of Wilmington (the "City"), the Wilmington Department of Parks and Recreation (the "Parks Department"), Mayor Michael S. Purzycki ("Mayor Purzycki") and Director of the Wilmington Department of Parks and Recreation Kevin F. Kelley, Sr. ("Director Kelley" and,

with the City, the Parks Department and Mayor Purzycki, "Defendants"), through their undersigned counsel, in this action captioned *Darul Amaanah Academy, et al. v. City of Wilmington, et al.*, No. 18-cv-1292-RGA (the "Action"), have reached this Stipulation and Agreement of Compromise, Settlement and Release (the "Stipulation," which memorializes the "Settlement"), subject to approval by the Court:

WHEREAS, during the summer of 2018, plaintiff Tahsiyn Ismaa'eel, other members of the Darul Amaanah staff and Darul Amaanah students, including the minor children on whose behalf the Action was brought (the "Minor Children"), were denied the use of the Foster M. Brown Community Pool ("Foster Brown") by City staff, on the basis of clothing worn for religious reasons;

WHEREAS, on July 19, 2018, Darul Amaanah, through its counsel, sent a letter to Mayor Purzycki and Director Kelley that, among other things, discussed the incidents at Forster Brown and requested that the City commence an investigation and enact written policies with training protocols to ensure that all City employees do not engage in discriminatory conduct;

WHEREAS, the City's Senior Assistant City Solicitor acknowledged receipt of the July 19, 2018 letter;

WHEREAS, on August 14, 2018, counsel for Plaintiffs contacted Mayor Purzycki's office, offering to meet with Mayor Purzycki in advance of filing the Action;

WHEREAS, the City Solicitor's office responded that such a meeting was "premature" and refused Plaintiffs' counsel's offer to meet, instead responding that an investigation "related to the use of Dr. Foster M. Brown Community Pool" was "underway" but "not yet complete," and that "[a]fter the conclusion of the investigation and before the next

outdoor swim season, the City intends to review its practices and policies for its pools and will notify the public accordingly";

WHEREAS, on August 22, 2018, Plaintiffs filed the Action in the Delaware Court of Chancery, thereby seeking an order that would (among other things):

(a) declare that Defendants' conduct has deprived Plaintiffs of their rights under Article I of the Delaware Constitution, the First and Fourteenth Amendments to the United States Constitution and Titles II and VI of the Civil Rights Act of 1964, §§ 2000(a) and (d);

(b) extend the 2019 pool season at all Wilmington public pools to begin by June 1, 2019 and end no earlier than September 1, 2019;

(c) preliminarily and permanently enjoin Defendants from adopting, implementing, enforcing or applying, in a discriminatory manner, any formal or informal rule or policy that prohibits Plaintiffs and any other patrons from wearing cotton-based clothing in Wilmington public pools, unless there is an explicit exception for attire of any material worn for religious reasons, including headscarves or any clothing worn for modesty;

(d) require Defendants to adopt and implement a training program for all employees of Wilmington public pools to educate such employees regarding any and all formal and informal rules or policies in place and any necessary exceptions to such rules or policies for religious reasons;

(e) require Defendants to post conspicuous signs at all Wilmington public pools stating that Defendants and employees of all Wilmington public pools are not permitted to engage in discriminatory and/or harassing conduct on the basis of religion; and

(f) award damages to Plaintiffs to remedy harm resulting from Defendants' actions;

WHEREAS, on August 22, 2018, Defendants removed the Action from the Delaware Court of Chancery to the United States District Court for the District of Delaware;

WHEREAS, the parties and their counsel thereafter engaged in arm's-length discussions and negotiations concerning a possible settlement of the Action;

WHEREAS, on August 31, 2018, the parties stipulated to an extension of the time in which Defendants were required to respond to the Complaint in the Action, for purposes of continuing discussions and negotiations concerning a possible settlement of the Action;

WHEREAS, on October 5, 2018, the parties executed a term sheet setting forth the basic components of a settlement of the Action and agreed to work in good faith to reach a definitive final settlement agreement;

WHEREAS, on October 5, 2018, the parties stipulated to a 45-day stay of the Action for all purposes in order to continue discussions and negotiations regarding a final settlement thereof;

WHEREAS, on November 20, 2018, the parties stipulated to a further 45-day stay of the Action for all purposes in order to continue discussions and negotiations regarding a final settlement thereof;

WHEREAS, on January 7, 2019, the parties stipulated to a 15-day stay of the Action for all purposes in order to finalize discussions and negotiations regarding this Stipulation and the terms of the Settlement described herein;

WHEREAS, although Plaintiffs believe that the Action is meritorious and asserts valid claims, they are agreeing to settle the Action in order to eliminate the uncertainties inherent in further litigation and in recognition of the immediate benefits that this Settlement will afford Plaintiffs, the Minor Children and the City as a whole;

WHEREAS, the Defendants each have denied, and continue to deny, that they have committed the violations alleged in the Action and are entering into this Settlement to eliminate the burden and expense of further litigation and in recognition of the benefits that this Settlement will afford to the City;

WHEREAS, the parties wish to settle and resolve the claims asserted by Plaintiffs in the Action, and the parties have reached an agreement, as set forth in this Stipulation, providing for the Settlement of the Action on the terms and subject to the conditions set forth below;

WHEREAS, the parties agree that a fundamental component of the Settlement is a recognition that cultural and religious diversity are defining characteristics of Wilmington, Delaware, and that diversity and a commitment to non-discrimination and equal treatment of all City residents should be respected by the City, its elected and appointed officials and its employees;

WHEREAS, Plaintiffs and their counsel have determined that the terms of the Settlement are fair, reasonable, adequate and in the best interests of Plaintiffs and the Minor Children, and that it is reasonable to pursue a settlement of the Action based upon the terms set forth herein;

WHEREAS, this Stipulation and the exhibits hereto constitute the entire agreement among the parties with respect to the subject matter hereof;

WHEREAS, the parties agree to be bound by this Stipulation and the terms of the Settlement unless and until such time as the Court affirmatively refuses to approve the Settlement and enter an order substantially in the form of the Stipulation, in which case the Settlement and this Stipulation shall be null and void and of no effect;

WHEREAS, effective upon the parties' execution of this Stipulation, the parties agree to cooperate fully with one another and to use their best efforts to effect, take or cause to be taken all actions, and to do or cause to be done all things, reasonably necessary, proper, or advisable under applicable laws, regulations and/or agreements (including the Stipulation) to

consummate the Settlement and make effective, as promptly as practicable, this Stipulation and the events and transactions contemplated herein;

WHEREAS, the undersigned attorneys represent and warrant that they have the authority from their respective clients to enter into this Stipulation and to bind their respective clients thereto;

NOW, THEREFORE, in consideration of the promises and representations contained and the benefits afforded herein, the Parties, intending to be legally bound, hereby agree as follows, subject to the approval of the Court by entry of an order in the form of this Stipulation:

1. <u>Enactment and Adoption of the Aquatics Dress Code Regulation.</u>  Within one week of executing this Stipulation, the City shall submit the regulations and policies attached hereto as Exhibit A (the "Aquatics Dress Code Regulation") for administrative approval and initiate the notice and comment period.  Once the Aquatics Dress Code Regulation is approved, and before the City's aquatics facilities begin operation for 2019, the City shall ensure that all City officials, employees, vendors, contractors, and subcontractors involved in the administration or operation of any City aquatics facility (1) are provided with a copy of the Aquatics Dress Code Regulation, (2) acknowledge that they have read and understood the Aquatics Dress Code Regulation, (3) have the opportunity to ask questions regarding the Aquatics Dress Code Regulation, and (4) perform their duties in accordance with the Aquatics Dress Code Regulation.

2. <u>Dissemination of the Aquatics Dress Code Regulation.</u>  Within two weeks of administrative approval of the Aquatics Dress Code Regulation, the City shall make all regulations relating or applicable to its aquatics facilities, including the Aquatics Dress

Code Regulation, available on the City's website (and, specifically, those pages of the City's website containing information about the City's aquatic facilities).

3. <u>Signage Regarding the Aquatics Dress Code Regulation.</u> The City shall conspicuously post signage such that it is clearly visible to patrons as they enter any and all of the City's aquatic facilities, on or before June 24, 2019. Such signage will, at a minimum, (1) contain and describe the Aquatics Dress Code Regulation and (2) set forth the contact information of a City office, official, employee or other official whom members of the public may contact if they believe that City employees assigned to its aquatics facilities are not complying with the City's regulations and/or policies, including, but not limited to, the Aquatics Dress Code Regulation. Such signage shall remain conspicuously posted and visible to patrons of the City's aquatic facilities during all hours in which said facilities are open to the public.

4. <u>Training Protocols.</u> The City shall adopt and implement training protocols approved by Plaintiffs (which approval will not be unreasonably withheld) on or before June 24, 2019. The training described therein shall be provided to all City officials and employees (including contractors) assigned to, or in a supervisory capacity regarding, City aquatics facilities (1) on or before June 24, 2019, as to existing employees as of the date of this Stipulation; and (2) within two weeks of an employee's hiring date, as to employees hired after the date of this Stipulation.

5. <u>Extension of 2019 Outdoor Pool Season.</u> In 2019, the City will open to the public the following pools: Eden Park Pool, on New Castle Avenue; Foster Brown Pool, at Seventh and Lombard streets and Joseph R. Biden Jr. Aquatic Center (formerly Prices Run Pool),

at 26th Street and Speakman Place (the "City Pools"). The City Pools will be open to the public from June 24, 2019, through August 18, 2019, from 1 p.m. until 6 p.m. (collectively, the "2019 Outdoor Pool Season"). In order to extend the 2019 Outdoor Pool Season, the City will extend the closing date for Foster Brown Pool and at least one other of the City Pools through and until Monday, September 2, 2019.

6. Settlement Payment. The City shall pay $50,000 (the "Settlement Payment") to Defendants, allocated as follows:

   (a) $20,000.03 by check, drawn on a City account, payable to Darul Amaanah Academy;

   (b) $4,285.71 per minor child referenced in the caption to the Complaint filed in the Action by check, drawn on a City account, payable to the child's parent named therein, for the benefit of each such minor child.

7. Press Release. The parties shall publicly disseminate the materials attached hereto as Exhibit B contemporaneously with the filing of this Stipulation.

8. Attorneys' Fees. All parties shall bear their own fees and costs (including, but not limited to, attorneys' fees) in all respects.

9. Dismissal and Retention of Jurisdiction. The Action is dismissed with prejudice, except that the Court retains jurisdiction solely for purposes of enforcing this Stipulation and the Settlement.

DATED: January 22, 2019

*/s/ Cliff C. Gardner*
_____
Cliff C. Gardner, Esq. (No. 5295)
Matthew P. Majarian, Esq. (No. 5696)
Bonnie W. David, Esq. (No. 5964)
Kaitlin E. Maloney, Esq. (No. 6304)
Haley S. Stern, Esq. (No. 6349)
920 North King Street
P.O. Box 636
Wilmington, DE 19899-0636
Telephone: (302) 651-3000
Email: cliff.gardner@skadden.com
 matthew.majarian@skadden.com
 bonnie.david@skadden.com
 kaitlin.maloney@skadden.com

OF COUNSEL:

Muslim Advocates
Johnathan J. Smith, Esq.
Juvaria S. Khan, Esq.
P.O. Box 34440
Washington, D.C. 20043
Telephone: 202-897-1897

*Attorneys for Plaintiffs*

*/s/ Barry M. Willoughby*
_____
Barry M. Willoughby, Esq. (No. 1016)
Lauren E.M. Russell, Esq. (No. 5366)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6666; (302) 576-3255
Email: bwilloughby@ycst.com;
 lrussell@ycst.com

*Attorneys for Defendants*

IT IS SO ORDERED this 23 day of January, 2019.

_____
The Honorable Richard G. Andrews

# EXHIBIT A
## Aquatics Dress Code Regulation

# City of Wilmington's
# Aquatics Dress Code Regulation

1. <u>Applicability</u>.  This policy shall govern the regulation of swimwear at aquatic facilities owned or operated now and in the future by the City of Wilmington (the "City").

2. <u>Permitted Swimwear</u>.  Patrons who are using the City's aquatic facilities' water areas are required to wear appropriate swimming attire.  "Appropriate swimming attire" is clothing, including optional footwear, that:

   a. is designed and manufactured to be worn during swimming and other water-based activities;

   b. is lightweight;

   c. does not impair free movement of the wearer's body or impair the wearer's ability to swim or support one's self at the water surface;

   d. is clean and free from hardware, such as buckles or rivets, that might injure the other patrons or damage the aquatic facility's structures; and

   e. is NOT: a bra, underwear, or other undergarment; denim pants or shorts; or ill-fitting or excessively loose.

3. <u>Religious and Financial Accommodation</u>.  It is the City's intent and goal to provide equal access to its aquatic facilities to all persons regardless of their religious beliefs or economic circumstances.  As such, the City will accommodate patrons who, for religious or financial reasons, are unable to wear a swimsuit which fully meets the requirements of appropriate swimming attire by permitting them to use the aquatic facility's water areas while wearing clothing that is consistent with their religious beliefs or economic circumstances and which does not present an unreasonable safety risk.  The following qualifications apply:

   a. The clothing material must be lightweight, such as nylon, polyester, Lycra, or thinly-woven natural materials (*e.g.*, muslin, linen, and similar materials) so that it does not inhibit one's ability to swim or support one's self at the water's surface.

   b. The clothing must not be excessively loose such that it could pose a risk of entanglement, entrapment, or strangulation to the patron.

   c. Examples of clothing that meet these guidelines include, but are not limited to, active wear such as athletic pants, shorts, and shirts, secure head coverings, leggings, religious swimwear, or other active wear made out of lightweight materials such as polyester, nylon, or thinly-woven natural materials.

4. <u>Right to Revoke or Limit Water Access; Right to Inquire</u>.  While access to City-owned or operated aquatic facilities for the public is a priority, upon observation or reports from City employee-lifeguards, the aquatic facilities' managers and supervisors have the right

to limit, condition, or revoke access to water areas to any patron whose attire has been observed entangling or entrapping such patron or inhibiting the patron's ability to swim or support themselves at the water's surface.

In assessing whether any patron's swimwear complies with this regulation, City employee-lifeguards, managers, or supervisors may inquire as to a patron's need for an accommodation and visually inspect the patron's swimwear for compliance with this regulation which, if necessary, may include requiring the patron to exit any water area during such visual inspection. All inquiries and visual inspections shall be performed in a manner which shows respect towards, preserves the dignity of, and avoids the unnecessary embarrassment of the patrons involved.

5. <u>Complaints</u>. The Director of the Department of Parks and Recreation shall designate a person or persons to receive complaints related to this regulation (the "Department Representative"), and shall provide appropriate training to each Department Representative. Complete contact information for the Department Representative (including telephone, e-mail, and mailing address) and instructions for submitting a complaint shall be made available on the City's website and in at least one publicly-viewable location at each of the City's aquatics facilities. Patrons who wish to report a violation of this regulation or dispute any determination made under this policy by any manager, supervisor, or employee of any City aquatic facility may do so by submitting a complaint by telephone, e-mail, or U.S. mail to the Department Representative. The Department Representative shall provide a response to all such complaints no later than five (5) business days from the date of receipt. The City shall maintain a record of all complaints, and make determinations granted and denied by the City available for review by the public.

# EXHIBIT B
## Press Release

## City of Wilmington and Darul Amaanah Academy Reach Settlement Regarding Pool Use and Clothing Policies

The City of Wilmington and Darul Amaanah Academy announced today that a settlement has been reached regarding a lawsuit filed by the Wilmington-based non-profit organization against the City. The settlement reflects months of collaborative discussion between the parties, undertaken with the mutual goal of creating a better City for all residents and visitors.

Darul Amaanah Academy and a group of Muslim families are the plaintiffs in a lawsuit filed last August that alleged the City and certain employees denied children attending Darul Amaanah's summer camp access to City-operated aquatics facilities and subjected them to discriminatory and harassing conduct. In the lawsuit, filed in Delaware Chancery Court and then removed to the United States District Court for the District of Delaware, the Plaintiffs allege that these actions violated federal and state anti-discrimination laws.

Under the terms of the settlement announced today, the City does not admit any wrongdoing. The City does, however, regret that unclear swimwear policies and lack of specific training left the Plaintiffs feeling excluded from a City pool. The City reaffirms its long-standing policy that all people are welcome at the City's pools. Through this settlement the City seeks to ensure that it provides meaningful religious accommodations to those who use its pools and, importantly, is an efficient resolution of the Plaintiffs' claims thus avoiding unnecessary and more costly litigation. Under the terms of the settlement, the City is agreeing to:

- Issue revised regulations clarifying its dress code policy in City-operated aquatics facilities. The revised regulations will expressly accommodate clothing worn for religious reasons or financial hardship and will ensure access for all such patrons of the City's pools.

- Display the new regulations at each of the City's pools and provide additional training to employees working at City-operated aquatics facilities, both to ensure that these employees are fully aware of the revised regulations and to ensure compliance with the City's commitment to non-discrimination.

- Extend the length of the 2019 pool season through Labor Day.

- Provide compensation to the Plaintiffs in the total amount of $50,000.

Mayor Mike Purzycki and City Parks and Recreation Director Kevin Kelley said Wilmington is committed to ensuring the fair and equal treatment of all residents. Both parties agreed that today's announced settlement helps to ensure that all residents of Wilmington are able to enjoy Wilmington's aquatic facilities.

###